# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GABRIEL DESMOND YANKEY, JR.,

    Plaintiff,

    v.

KARRINA BRASSER, *et al.*,

    Defendants.

Case No. 22-1036-JWB-ADM

## REPORT AND RECOMMENDATION

On February 4, 2022, pro se plaintiff Gabriel Desmond Yankey, Jr. ("Yankey") filed this case purporting to assert multiple claims against law enforcement agents from the United States Drug Enforcement Administration ("DEA"), the Wichita Police Department ("WPD"), the former United States Attorney for the District of Kansas, an attorney from the same office, and a federal magistrate judge. At the same time, he moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 3.) For the reasons explained below, the court recommends that the district judge (1) deny Yankey's IFP motion pursuant to § 1915(a)(1) because his affidavit of financial status does not establish that he is indigent and/or (2) dismiss this case pursuant to § 1915(e)(2)(B)(ii) because the complaint does not state a claim on which relief may be granted.

## I.   BACKGROUND

Yankey's complaint names as defendants DEA agent Karrina Brasser; Barry Grissom, the former U.S. Attorney for the District of Kansas; James A. Brown, an Assistant U.S. Attorney; Chris Bannister and Detective Gary Knowles with the WPD; and U.S. Magistrate Judge Kenneth G. Gale. (ECF 1, at 1.) Yankey checked the box on the form complaint stating that this case arises because of a violation of the civil or equal rights, privileges, or immunities accorded to citizens or

persons within the jurisdiction of the United States, 28 U.S.C. § 1343. (*Id.* at 3.) The complaint also states that he brings claims under 18 U.S.C. §§ 241, 242 and 245 and 42 U.S.C. § 14141; and under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically citing 18 U.S.C. §§ 1961, 1962(c). The factual allegations are brief. Yankey alleges that a grand jury indicted him and thirteen other individuals in 2012 as a result of defendants "conspiring to deprive me of my constitutional rights, into a conspired 'drug-trafficking' ring." (*Id.*) He goes on to state that the defendants "were mainly responsible for constructing the discriminatory criminal act that ensued as a result of a conspiracy to violate [illegible] constitutional rights." (*Id.*) Yankey seeks $20 billion dollars in punitive damages and that each defendant be imprisoned for life. (*Id.* at 4.)

The same day Yankey filed this case, he filed an IFP motion accompanied by an affidavit of financial status (ECF 3-1) that omits most of the information required by the form. That motion is now before the court.

**I.   YANKEY'S IFP MOTION (ECF 3) IS DENIED**

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Yankey has not established that he is financially unable to pay the filing fee because his affidavit lacks the information the court needs to determine whether he is indigent. In Section

I(B), he does not disclose his marital status or whether his spouse (if he has one) is employed. In Section I(C), he does not disclose whether he has dependents that he is legally required to support, but, in another portion of the form, he states that he owes child support payments. He also does not state the value of his automobile (Section III(B)), the amount of cash he has on hand (Section III(C)), whether he received money from various sources in the last 12 months (Section III(D)), or provide information regarding his monthly obligations (Sections IV(A)–(C)).

The court would normally be inclined to direct Yankey to file a supplemental affidavit correcting these deficiencies. However, the court sees no reason to take that extra step here because, regardless of whether Yankey can establish that he is indigent, his complaint should be dismissed because it fails to state a claim upon which relief can be granted. In other words, if the record remains unchanged, the court recommends that the district judge deny the IFP motion and dismiss the case on that basis. But, if Yankey provides supplemental information that establishes his indigency, the court recommends that the district judge grant the IFP motion but dismiss the case for the reasons stated below. Either way, the case should be dismissed.

## II.   YANKEY'S COMPLAINT SHOULD BE DISMISSED UNDER 28 U.S.C. § 1915(e)(2)(B)

Regardless of whether Yankey may later establish his indigency, his complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). To proceed IFP, "the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. In other words, it is generally accepted that the court "has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc); *see also* 28 U.S.C.

3

§ 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the allegation of poverty is untrue, the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant.).

When a plaintiff seeks to proceed IFP, the court screens the complaint under 28 U.S.C. § 1915(e)(2)(B). The court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Here, the court recommends that Yankey's complaint be dismissed for failure to state a claim on which relief may be granted.

**A. Dismissal for Failure to State a Claim**

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff

cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Yankey proceeds pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Broadly construed, Yankey's complaint purports to assert claims under (1) various criminal statutes and (2) RICO, all of which are deficient.

### 1. Purported claims under 18 U.S.C. §§ 241, 242, 245 and 42 U.S.C. § 14141

The criminal statutes Yankey cites—18 U.S.C. §§ 241, 242, 245—do not give rise to a private right of action, and therefore any purported claims asserted pursuant to these statutes should be dismissed for failure to state a claim. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'"); *see also Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242, 245 for failure to state a claim because "criminal statutes generally do not create private causes of action"); *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003) ("The district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for private civil causes of action."). The same is true of Yankey's claim under 42 U.S.C. § 14141,

5

which the court construes as an attempted suit under 34 U.S.C. § 12601.[1] The statute provides for actions brought by the U.S. Attorney General and does not afford Yankey a private right of action. *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (claims under 34 U.S.C. § 12601 (formerly 42 U.S.C. § 14141) are subject to dismissal because the statute does not afford a pro se litigant a private right of action). Therefore, this purported claim should be dismissed.

### 2. RICO claims

Yankey also states that he is bringing RICO claims, and he specifically cites various provisions of 18 U.S.C. §§ 1961, 1962. The elements of a civil RICO claim are:

> (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962(a), (b), & (c). 'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as any 'act which is indictable' under federal law and specifically includes mail fraud, wire fraud and racketeering.

*Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006). The few facts alleged in Yankey's complaint are nothing more than generalized allegations of a conspiracy between two separate law-enforcement agencies, the U.S. Attorney's Office, and a federal magistrate judge. They are insufficient to satisfy any element necessary to state a RICO claim.

### 3. The complaint states no other cognizable claim

Yankey does not explicitly plead any other claim. However, he checked the box on the form complaint that this court has jurisdiction over this case pursuant to 28 U.S.C. § 1343. That statute provides for federal jurisdiction over claims arising from violations of 42 U.S.C. § 1985 and federal civil rights statutes. Even if Yankey's complaint were broadly read as attempting to

---

[1] 42 U.S.C. § 14141 was transferred to 34 U.S.C. § 12601 effective September 1, 2017.

assert a claim under 42 U.S.C. § 1983 or § 1985, he still has not stated a claim. To state a § 1983 claim, a plaintiff must allege (1) a deprivation of a right, privilege, or immunity secured by the U.S. Constitution or laws of the United States (2) that was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A § 1985 claim must, at a minimum, allege a conspiracy to interfere with civil rights, among other elements. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (discussing § 1985(3)). Boilerplate allegations of constitutional violations and conspiracy are insufficient to state a claim under either § 1983 or § 1985. *See O'Connor v. St. John's Coll.*, 290 F. App'x 137, 141 (10th Cir. 2008) ("Section 1985(3) conspiracy claims cannot stand on vague and conclusory allegations; but rather, must be pled with some degree of specificity."); *see also Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

Again, Yankey's complaint contains only boilerplate and implausible allegations of a vast conspiracy and violations of his constitutional rights. So even to the extent that Yankey's complaint could be broadly read as attempting to assert claims under § 1983 and/or § 1985, he still has not stated a claim.

### B. Immunity

Given the lack of factual allegations as to specific defendants, it is difficult to fully assess the extent to which certain defendants would be shielded by various immunity doctrines. *See Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 n.2 (10th Cir. 2020) (recognizing the difficulty assessing immunity doctrines where a pleading does not set forth defendants' own acts or omissions). Regardless, it appears that Yankey's claims against Judge Gale are likely subject to dismissal based on judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judges absolutely immune from

civil suits arising from actions taken in their judicial capacity except where they act in the clear absence of all jurisdiction). And Yankey's claims against the former U.S. Attorney and a federal prosecutor appear to be subject to dismissal based on prosecutorial immunity to the extent that Yankey's claims arise from actions taken in the course of prosecuting criminal cases, as appears to be the case here. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutors absolutely immune from liability for damages in actions asserted against them for actions taken in initiating a prosecution and in presenting cases).

Despite these likely defects, the court does not at this time recommend that Yankey's claims be dismissed on grounds of immunity because the lack of specific factual allegations pertaining to any of these defendants makes it difficult to assess the extent to which various immunity doctrines apply and because the entire case should be dismissed regardless. The court raises the issue only to put the pro se plaintiff on notice that his complaint also appears to be deficient in this respect.

**III.   YANKEY'S MULTIPLE FILINGS**

Yankey has filed multiple suits in this district recently. Some, like this one, have significant defects. For example, Judge Gale recommended dismissal of *Yankey v. Kansas State Youth Soccer Association*, Case No. 22-1030-HLT-JPO, which involves generalized allegations of a far-reaching conspiracy to disqualify Yankey from coaching in the State of Kansas. Judge Gale also recommended dismissal of *Yankey v. Eighteenth Judicial District Court*, Case No. 22-1031-KHV-TJJ, which alleges that various individuals associated with a state court proceeding violated Yankey's civil rights because he was upset about various aspects of his state-court case. The court has not yet issued orders screening the complaints in *Yankey v. Birzer ("Birzer")*, Case No. 22-1035-KHV-JPO, or *Yankey v. Kansas Bureau of Investigations*, Case No. 22-1041-JAR-JPO, but

the pleadings in both of those cases also appear to suffer from serious defects. *Birzer* involves boilerplate allegations of a broad and far-reaching conspiracy among multiple federal judges, U.S. Probation Office employees, assistant U.S. attorneys, and an assistant federal public defender. *KBI* also involves boilerplate conspiracy allegations having something to do with the KBI offender registration office. In that case, Yankey has named numerous individuals and media outlets, among others.

Because of this pattern of filings, the court wishes to caution Yankey that federal courts may impose filing restrictions under appropriate circumstances, such as where a litigant has a history of abusive filings. *See Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013). The court is not at this time recommending that any such filing restrictions be imposed. But the court does want to alert Yankey to the possibility that, if his current pattern of filings continue, it could lead to restrictions that will curb his ability to make future filings in this court.

## IV.   CONCLUSION

For the reasons explained above, the court recommends that the district judge (1) deny Yankey's IFP motion pursuant to § 1915(a)(1) because Yankey's affidavit of financial status does not establish that he is indigent and/or (2) dismiss this case pursuant to § 1915(e)(2)(B)(ii) because his complaint does not state a claim on which relief may be granted.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), Yankey may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If he fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated February 17, 2022, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge