IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL DESMOND YANKEY, JR.,

        Plaintiff,

v.                                            Case No. 22-1036-JWB-ADM

KARRINA BRASSER, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a Report and Recommendation ("R&R") from United States Magistrate Judge Angel D. Mitchell. (Doc. 6.) The R&R recommends that the court deny Plaintiff's motion to proceed in forma pauperis ("IFP") (Doc. 3) and/or dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint does not state a claim upon which relief may be granted. (Doc. 6 at 9.) For the reasons stated herein, the court ADOPTS the R&R, DENIES Plaintiff's motion to proceed IFP, and DISMISSES Plaintiff's complaint for failure to state a claim upon which relief can be granted.

**I. Background**

Plaintiff filed a complaint naming as Defendants several Wichita Police Department (WPD) officers and/or Drug Enforcement Agency (DEA) agents, a former United States Attorney and Assistant United States Attorney for the District of Kansas, and a United States Magistrate Judge for the District of Kansas. (Doc. 1 at 2.[1]) The complaint appears to stem from Plaintiff's

---

[1] The complaint also includes allegations about a United States District Judge who previously sentenced Plaintiff and the actions of several United States Probation Officers, but the complaint does not name these individuals as Defendants. (Doc. 1 at 2, 6.)

conviction and sentence in *United States v. Yankey*, Case No. 12-10085-JWB-10 (D. Kan.), in which Plaintiff was convicted of distributing cocaine and sentenced to 27 months imprisonment. Plaintiff's complaint alleges that on March 27, 2012, he was charged by the grand jury with drug trafficking "as a result of the named Defendants conspiring to deprive me of my constitutional rights…." (Doc. 1 at 3.) The complaint asks for $20 billion in punitive damages and "life imprisonment for each Defendant." (*Id.* at 4.) Plaintiff also filed a motion to proceed IFP. (Doc. 3.)

Magistrate Judge Mitchell reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and identified numerous deficiencies. The R&R explained why the affidavit accompanying Plaintiff's motion to proceed IFP failed to establish that Plaintiff was unable to pay the filing fee. (Doc. 6 at 3.) The R&R also explained why the allegations in the complaint were not sufficient to state any valid claim upon which relief can be granted. (*Id.* at 5-7.) The R&R recommended denial of the motion for IFP and dismissal of the complaint. It informed Plaintiff that he had 14 days after service of the R&R to file an objection to it, otherwise no review of the determinations in the R&R would be allowed. (*Id.* at 9.) The record shows Plaintiff was served with a copy of the R&R electronically on February 17, 2022. (Doc. 6.[2])

Plaintiff filed no objections to the R&R within the 14-day period. He did file two documents – Docs. 7 & 8 – that purport to "amend" his claims. These documents merely include a few cryptic references to some federal statutes, state that Plaintiff seeks a default judgment, and cite the Equal Protection Clause of the Fourteenth Amendment. (Doc. 8 at 1.) Nothing in these documents objects to any portion of the R&R or alters the conclusion that Plaintiff's complaint

---

[2] Service was made by sending a copy of the R&R to Plaintiff's email address that he provided when he registered for the court's electronic filing system (ECF). On February 28, 2022, after service of the R&R, Plaintiff terminated his e-filing and e-noticing privileges. (Doc. 9.)

(with or without the additional allegations in Docs. 7 & 8) fails to state a claim upon which relief can be granted.

## II. Standards

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ...'"); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate ... [judge's] report under any standard it deems appropriate.") (citations omitted.)

Under provisions pertaining to IFP matters, "the court shall dismiss the case at any time if the court determines that – … (B) the action … (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Analysis

The court agrees with Magistrate Judge Mitchell's analysis and recommendation and finds that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72, advisory committee note (1983 Addition). Even if the court were to engage in de novo review, the result would be the same, as Plaintiff's complaint utterly fails to state any conceivable valid claim for relief, and Plaintiff has failed to show any possible basis for curing these deficiencies. The motion to proceed IFP is likewise deficient for the reasons identified by the Magistrate Judge. The court accordingly adopts the R&R in its entirety.

### IV. Conclusion

The R&R (Doc. 6) of Magistrate Judge Mitchell is ADOPTED. Plaintiff's motion to proceed IFP (Doc. 3) is DENIED. Plaintiff's complaint is hereby DISMISSED for failure to state a claim upon which relief can be granted. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED this 30th day of March, 2022.

                                             s/ John W. Broomes
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE